UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

TERRANCE BROWN,

      Petitioner,

         v.

WARDEN,

      Respondent.

CAUSE NO. 2:26-CV-154-GSL-AZ

<u>OPINION AND ORDER</u>

Terrance Brown, a prisoner without a lawyer, filed a habeas petition asserting

that he is entitled to a probation revocation hearing in the Lake Superior Court under

Case No. 45G01-1809-F5-187.[1] Pursuant to Section 2254 Habeas Corpus Rule 4, the court

must dismiss the petition "[i]f it plainly appears from the petition and any attached

exhibits that the petitioner is not entitled to relief in the district court."

On September 18, 2018, Brown was charged with strangulation in the Lake

Superior Court under Case No. 45G01-1809-F5-187.  On October 17, 2019, the Lake

Superior Court sentenced him to two and a half years of incarceration but suspended

that sentence, permitting Brown to serve his sentence on probation. On September 22,

2020, Brown was charged with bank robbery in this court under Case No. 2:20-CR-148.

On October 2, 2020, the Lake County Probation Office filed a petition to revoke

probation, and the Lake Superior Court issued an arrest warrant. According to Brown,

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

the federal criminal charges were the basis for his probation revocation charges. On July 27, 2022, this court sentenced him to 180 months incarceration on his federal charges, and Brown is currently serving his federal sentence in the custody of the Bureau of Prisons.

Though the petition is somewhat difficult to parse, it appears that Brown asserts that he is entitled to habeas relief because the State has not afforded him a timely probation revocation hearing. For this claim, the court finds *Moody v. Daggett*, 429 U.S. 78 (1976), to be instructive. In that case, a petitioner was convicted in federal court and was sentenced to ten years' incarceration. *Id.* at 80. After his release on parole, he committed additional crimes and was sentenced in federal court to ten years' incarceration. *Id.* Following the second sentencing, the federal parole board issued a parole violation warrant. *Id.* When the petitioner sought an immediate parole violation hearing, the parole board denied it and stated its intent to wait until the petitioner had completed his second sentence. *Id.* at 80-81. The petitioner filed a habeas petition, and the district court denied it finding that the parole board had no obligation to execute the warrant while the petitioner remained incarcerated. *Id.* at 81. The Ninth Circuit Court of Appeals affirmed, and the petitioner appealed to the Supreme Court of the United States. *Id.*

The Supreme Court considered the issue of "whether a federal parolee imprisoned for a crime committed while on parole is constitutionally entitled to a prompt parole revocation hearing when a parole violator warrant is issued and lodged with the institution of his confinement but not served on him." *Id.* at 79. The Supreme

Court held that "there is no requirement for an immediate hearing." *Id.* at 86. In reaching this conclusion, the Supreme Court observed that the petitioner's present confinement derived from his second set of convictions rather than the parole violation warrant, that the warrant represented only the prospect of future incarceration, and that the petitioner would not suffer the loss of liberty as a parole violator until he was detained pursuant to the warrant. *Id.* at 86-87. The Supreme Court further noted the practical benefits of waiting to hold the violation hearing until after the completion of the second sentence. *Id.* at 89. It reasoned that the parole board would have almost certainly revoked parole in the immediate aftermath of a conviction for another crime, but the petitioner's behavior throughout his second sentence might persuade the parole board to allow him to remain on parole for the remainder of his first sentence. *Id.*

In *United States v. Brown*, 480 F. App'x 417 (7th Cir. 2012), the Seventh Circuit Court of Appeals reached a similar conclusion on slightly different facts. Specifically, the *Brown* appellant was incarcerated for a State crime while on federal probation, and the federal district court issued but did not immediately execute a bench warrant. *Id.* at 418. Following the completion of the State sentence, he transferred to federal custody, and the district court revoked his probation and resentenced him to time served in addition to 18 months of probation. *Id.* On appeal, the appellant argued that the district court violated his constitutional rights when it did not conduct the revocation hearing before the State sentence had expired. *Id.* at 419. The Seventh Circuit rejected this argument, finding that the appellant did not suffer a liberty deprivation until the

execution of the bench warrant and that the Interstate Agreement on Detainers did not apply to petitions to revoke probation. *Id.* at 419-20.

Brown's circumstances differ from the *Brown* appellant's circumstances in that Brown is currently serving a federal sentence with a State petition to revoke his probation pending. However, the court perceives no difference between these sets of circumstances that would change the ultimate outcome with respect to whether the State court's failure to immediately hold a hearing on Brown's probation revocation charges violates his right to procedural due process or rights under the Interstate Agreement on Detainers. Like the litigants in *Moody* and *Brown*, neither the petition to revoke probation nor the arrest warrant will cause Brown to suffer a loss of liberty until he taken into State custody.

At this time, Brown remains in federal custody and has not been taken into State custody. He has not suffered a related deprivation of liberty and thus has no valid procedural due process claim. Therefore, his claim that he has not been afforded a timely probation revocation hearing is not a basis for habeas relief.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for

4

finding that jurists of reason would debate whether the petition states a valid habeas claim. Therefore, the court denies Brown a certificate of appealability.

For these reasons, the court:

(1) DISMISSES the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the petition does not state a valid claim for habeas relief;

(2) DENIES Terrance Brown a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on July 27, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT

5